IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DELVON BROWN, )
Y49809, )
)
Plaintiff, )
)
vs. ) Case No. 24-cv-572-DWD
)
C/O RAYFORD, )
LT. DALLAS, )
C/O HUGHES, )
C/O GRACIA, )
)
Defendants. )

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Delvon Brown, an inmate of the Illinois Department of Corrections (IDOC) currently detained at Menard Correctional Center (Menard) brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. (Doc. 1). Plaintiff alleges that on September 28, 2023, three guards beat him during a tactical shakedown, and a fourth guard refused to secure medical care for his injuries. He alleges that he still has not received needed dental care, staff has begun to threaten him in association with his attempts to grieve these issues, and he has been unable to get any grievance responses about these issues. He seeks compensation and injunctive relief in the form of needed dental care.

Plaintiff's Complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen

prisoner complaints to filter out non-meritorious claims.  *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed.  28 U.S.C. § 1915A(b).  At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed.  *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

On September 28, 2023, Plaintiff was in the chapel with other inmates during a tactical shakedown of the east house.  Defendant Rayford approached him and directed him to stand up and to follow Rayford to a wall.  (Doc. 1 at 3).  Plaintiff was handcuffed behind his back at the time, and he complied.  Defendants Dallas and Hughes approached and forcefully grabbed Plaintiff from behind.  He alleges that Rayford then grabbed his hair and began to slam his face and head into the wall.  Plaintiff asked Rayford to stop, but Rayford continued to pester him.  When Plaintiff moved his face away from Rayford's prodding, Rayford slammed his face into the wall a second time and demanded better compliance with commands.  Plaintiff told Rayford he was upset over nothing, which provoked Rayford to slam his head into the wall a third time.  Plaintiff alleges that all the while Dallas and Hughes stood there holding him and doing nothing.

After the beating, Dallas and Hughes escorted Plaintiff out of the chapel towards segregation.  On the walk Plaintiff spit out two of his teeth and asked to retrieve them, but the defendants twisted his handcuffs tighter and commanded him onward.  Plaintiff

was placed in North 2 without any of his sheets, clothes, or hygiene materials.  He was without his property for four days.

Plaintiff asked Defendant Gracia for medical treatment for severe mouth pain and dizziness, but Gracia did not oblige.  Plaintiff was also unsuccessful in getting the attention of passing nurses.  Plaintiff claims he got an infection in his mouth and wrote sick call slips about it but was never given antibiotics.

On October 21, 2023, Plaintiff lost consciousness for five to seven minutes.  Nurse Angi was present, but continued passing out medications and did not help.  After Plaintiff spit up blood, C/O Adkins took him to the healthcare unit.  A nurse observed an infection and two missing teeth.  She confirmed by prior dental x-rays that Plaintiff's teeth were not missing before he came to Menard.  Despite this discovery, Plaintiff was taken back to his housing unit and still has shards of tooth in his mouth.

Plaintiff alleges that since the incident, C.O. Cootlet came to his cell to threaten and intimidate him about the grievances he had begun to file about the beating.  He adds that Defendant Gracia has also made comments and has teased him about his grievance activity.  (Doc. 1 at 5).  Plaintiff alleges that as of February of 2024, he had yet to receive a response to his grievances, or correspondence seeking an update on the grievances.  He claims that he has also been denied law library access in an effort to impede him from filing this lawsuit.  He alleges that internal affairs came to talk to him about the assault and told him it would be removed from his ticket history.  He alleges this does not make any sense because he never broke any rules in the first place.

Plaintiff seeks compensatory damages and dental care.  (Doc. 1 at 13).

Based on the allegations in the Complaint, the Court will designate the following claims:

> **Claim 1:**    **Eighth Amendment excessive force or failure to intervene/protect claim against Defendants Rayford, Dallas, and Hughes;**
>
> **Claim 2:**    **Eighth Amendment deliberate indifference claim against Defendant Gracia for denying Plaintiff medical attention for his broken teeth or dizziness.**

The parties and the Court will use these designations in all future pleadings and orders unless otherwise directed by a judicial officer of this Court. Any claim that is mentioned in the Complaint but not addressed in this Order is considered dismissed without prejudice as inadequately pled under *Twombly*. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim that is plausible on its face").

## Analysis

An Eighth Amendment excessive force claim requires an inquiry into "whether force was applied in a good-faith effort to maintain or restore discipline, or [whether it was] applied maliciously and sadistically to cause harm." *Hudson v. McMillian*, 503 U.S. 1, 7 (1992). The "core judicial inquiry" for an excessive force claim not the severity of the injury, but whether the force used was 'malicious and sadistic.' *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010). To establish a failure to protect claim under the Eighth Amendment, a plaintiff must allege "(1) that he was incarcerated under conditions posing a substantial risk of serious harm and (2) that the defendants acted with deliberate indifference to his health or safety." *Santiago v. Walls*, 599 F.3d 749, 756 (7th Cir. 2010). Under the Eighth

Amendment, correctional officials have a constitutional duty to protect inmates from violence. *Farmer v. Brennan*, 511 U.S. 825, 844 (1994).  A failure to intervene claim requires evidence of the following: (i) the defendant knew of the unconstitutional conduct; (ii) the defendant had a realistic opportunity to prevent the harm; (iii) the defendant failed to take reasonable steps to prevent the harm; and (iv) the plaintiff suffered harm as a result. *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994).

Plaintiff's allegations concerning Rayford, Dallas, and Hughes are sufficient to proceed either for excessive force, or failure to intervene or protect him.

To state a claim for deliberate indifference to a serious medical need, an inmate must show that (1) he suffered from an objectively serious medical condition; and (2) the defendant was deliberately indifferent to a risk of serious harm from that condition. *Rasho v. Elyea*, 856 F.3d 469, 475-76 (7th Cir. 2017).  At this juncture, Plaintiff has alleged that two of his teeth fell out, but there were still shards in his mouth.  He claims he was dizzy, and that he developed an infection.  Despite this information, Defendant Gracia allegedly denied him access to dental or medical care.  These allegations are sufficient at this preliminary juncture to proceed on Claim 2 against Defendant Gracia.

The Court notes that Plaintiff mentions a number of other things in passing in his complaint, such as seeking care from passing nurses, and retaliation or threats from other prison staff.  However, Plaintiff has not named any of the people associated with these issues as defendants in the case caption, so there is no sufficient claim presented against them.

## Motion for Recruitment of Counsel

Plaintiff has moved for recruited counsel (Doc. 2) on the premise that he is incarcerated and has very few resources. Plaintiff does not explain any efforts to secure his own counsel, and he does not provide any proof that he has tried to get his own counsel. There is no right to the appointment of counsel in civil matters. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010). When presented with a request to appoint counsel, the Court must consider: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself [.]" *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). Without any proof of his own efforts to get counsel, Plaintiff's Motion (Doc. 2) will be denied. Additionally, the Court notes that he adequately presented his claims to proceed beyond the first review, and the next steps will be clearly guided by future orders from the Court, so the case is not too complex for Plaintiff to handle at this juncture.

## Disposition

**IT IS HEREBY ORDERED THAT Claim 1** of the Complaint (Doc. 1) survives against Defendants Rayford, Dallas, and Hughes, and **Claim 2** survives against Defendant Gracia.

The Clerk of Court is **DIRECTED** to prepare for Defendants Rayford, Dallas, Hughes, and Gracia: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to

Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a Defendant cannot be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). Pursuant to Administrative Order No. 244, Defendant need only respond to the issues stated in this Merits Review Order.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed in forma pauperis was granted. See 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later

than 14 days after a transfer or other change of address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for failure to prosecute.  FED. R. CIV. P. 41(b).

The Clerk of Court is **DIRECTED** to enter the standard HIPAA Order in this case because it may involve the exchange of medical records.

Plaintiff's Motion for Counsel (Doc. 2) is **DENIED**.

**IT IS SO ORDERED.**

Dated: April 1, 2024                    /s *David W. Dugan*

_____
DAVID W. DUGAN
United States District Judge

**NOTICE TO PLAINTIFF**

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to the complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answers, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. Plaintiff need not submit any evidence to the Court at his time, unless otherwise directed by the Court.

The Court wishes to remind the Plaintiff that litigation is often viewed a series of hurdles that the Plaintiff must clear to get to another hurdle. Initial screening is such a hurdle, but it is a very low one for the Plaintiff to clear.  As noted above, surviving initial screening only requires the bare statement of a claim that, if proven, could entitle Plaintiff to some relief. At trial, he will need to prove by a preponderance of evidence that the facts alleged actually occurred and that those facts satisfy the legal requirements for recovery. Trial is the highest and most difficult of hurdles for any Plaintiff to clear.