UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DELVON BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 3:24-cv-00572-GCS |
| | ) |
| CHARLES RAYFORD, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**SISON, Magistrate Judge:**

Plaintiff Delvon Brown, an inmate of the Illinois Department of Corrections who is currently incarcerated at Menard Correctional Center ("Menard"), brings this civil action pursuant to 42 U.S.C. § 1983 for violations of his constitutional rights. On April 1, 2024, the Court completed its preliminary review of Plaintiff's Complaint pursuant to 28 U.S.C. § 1915A. (Doc. 11). Plaintiff was permitted to proceed on the following counts: Count 1 - against Defendants Rayford, Dallas, and Hughes for excessive force or failure to intervene/protect; and Count 2 - against Defendant Garcia for deliberate indifference for denying Plaintiff medical attention for his broken teeth or dizziness. *Id.* at p. 4, 6.

Before the Court is Plaintiff's motion for temporary restraining order filed on March 14, 2025. (Doc. 78). Specifically, Plaintiff alleges that he has been assaulted by

Corrections Officer Barnes and John Doe for filing this lawsuit. Plaintiff seeks a prison transfer. For the reasons delineated below, the Court denies the motion.[1]

A preliminary injunction is an "extraordinary and drastic remedy" for which there must be a "clear showing" that the plaintiff is entitled to relief. *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quoting 11A CHARLES ALAN WRIGHT, ARTHUR R MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2948 (5th ed. 1995)). The purpose of such an injunction is "to minimize the hardship to the parties pending the ultimate resolution of the lawsuit." *Faheem-El v. Klincar*, 841 F.2d 712, 717 (7th Cir. 1988). Plaintiff has the burden of demonstrating: (1) a reasonable likelihood of success on the merits; (2) no adequate remedy at law; and (3) irreparable harm absent the injunction. *See Planned Parenthood of Indiana, Inc. v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012).

Regarding the first element, the Court must determine whether "plaintiff has any likelihood of success – in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). If Plaintiff meets this burden, the Court must then weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.* In addition, the Prison Litigation Reform Act ("PLRA") provides that a preliminary injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . , and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). Finally, pursuant to Federal Rule of Civil Procedure 65(d)(2), a

---

[1] No hearing on the motion is necessary because it is apparent from the face of Plaintiff's motion that he is not entitled to the relief requested in this matter.

preliminary injunction would bind only the parties, their officers or agents, or persons in active concert with the parties or their agents.

Here, Plaintiff, in his motion, raises allegations against new individuals (Corrections Officer Brown and John Doe) that occurred *after* Plaintiff filed the instant lawsuit. The claims in Plaintiff's motion are separate and distinct from the claims in *this* case. The Court "only possesses the power to afford preliminary injunctive relief that is related to the claims at issue in the litigation[.]" *Bird v. Barr*, No. 19-cv-1581 (KBJ), 2020 WL 4219784, at *2 (D.C. Cir. July 23, 2020). The main purpose of a preliminary injunction is "to preserve the relative positions of the parties until a trial on the merits can be held." *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). It is not meant to be used as a vehicle to air new allegations and claims.

Further, in order to demonstrate entitlement to preliminary relief, Plaintiff would need to establish that irreparable harm will result if injunctive relief does not issue. Because he does not allege harm specific to the allegations in *this case*, Plaintiff has failed to establish entitlement to preliminary relief, and the undersigned need not address permanent relief. Lastly, to the extent that the allegations contained in the motion relate to new incidents not currently being pursued in any action in this Court, Plaintiff should file a new action stating those claims and file a motion for injunctive relief in that new action.

For the above-stated reasons, Plaintiff's motion for temporary restraining order (Doc. 78) is **DENIED**.

IT IS SO ORDERED.

DATED:  March 21, 2025.

Digitally signed by
Judge Sison
Date: 2025.03.21
14:52:34 -05'00'

**GILBERT C. SISON**
**United States Magistrate Judge**